[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Timothy Thacker appeals from the dismissal of his complaint, filed as an administrative appeal from an order of the Industrial Commission of Ohio denying his workers' compensation claim, based upon the fact that his complaint was not filed within thirty days of his notice of appeal, as required by R.C. 4123.512(B). Thacker contends that the trial court abused its discretion by denying his motion for leave to file his complaint out of time. On the authority of Singer Sewing Machine Co. v.Puckett (1964), 176 Ohio St. 32, we conclude that the trial court did abuse its discretion in so ruling. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Thacker allegedly injured himself in the course and scope of his employment with defendant-appellee, Washington Manor Nursing Home, Inc., and filed a claim for medical benefits and for compensation with the Ohio Bureau of Workers' Compensation. Washington Manor contested his claim, and it was ultimately disallowed administratively by the Industrial Commission.
Thacker filed a timely notice of appeal in the trial court, pursuant to R.C. 4123.512(A). Sixty-one days thereafter, Thacker filed a motion for leave to file his complaint out of time, together with the complaint that he was seeking to file. His memorandum in support of his motion, in its entirety, is as follows:
 This is a workers' compensation appeal filed pursuant to § 4123.512. Said appeal was timely filed by counsel for Plaintiff, pursuant to aforementioned statute. Plaintiff avers that pursuant to Rule 6(B) and Rule 60(B) of the Ohio Rules of Civil Procedure a party may file a pleading out of time, instanter under such circumstances as may be proven or warranted. Plaintiff's counsel is a solo practitioner. Plaintiff avers that due to retaining counsel at such a late date prior to the deadline for appealing the instant action in This Court, counsel's deadline for filing a response to a motion for summary judgment in the U.S. District Court for a significant employer intentional tort case, counsel's trial schedule, counsel's travel on business out of the country, and counsel's monitoring of other cases, the Complaint could not be filed within thirty days after filing the Notice of Appeal. [citations omitted].
 Plaintiff further avers that since this workers' compensation claim was contested throughout the administrative process and Notice of Appeal was timely filed with This Court, the filing of this Complaint will come as no unfair surprise to the Defendant/Employer or Defendant/Administrator, nor will the Defendants be unduly prejudiced by The Court granting leave for the Plaintiff to file his Complaint out of time, instanter. In addition, as filing of his Complaint more than thirty days after the Notice of Appeal is filed is not a jurisdictional question, The Court may proceed with this action without dismissing same. Furthermore, the decision to grant any extension of time in which to file a pleading is entirety within the sound discretion of the court.
 WHEREFORE, for the reasons stated above, Plaintiff respectfully requests The Court grant his Motion to file his Complaint out of time, instanter; said Motion being proper and consistent with the Ohio Rules of Civil Procedure and Ohio case law.
The trial court set a submission date for deciding Thacker's motion. In its entry setting the submission date, the trial court required that memoranda and any affidavits in support of, or in opposition to, the motion must be filed with a copy delivered to the Court not later than twenty-four hours prior to the aforesaid date and time set for submission, unless the Court, upon oral or written request, grants an extension. The Court further declared that no oral hearing would be conducted unless requested by any party and approved by the Court, in which event a definite date and time would be set.
There is nothing in the record to reflect that either party requested a hearing on the motion, or an extension of time within which to file memoranda or affidavits concerning the motion. Washington Manor filed a memorandum in opposition to the motion, and Thacker filed a reply memorandum in support of the motion. Attached as an exhibit to the reply memorandum was an affidavit of Thacker's counsel, which contained the following averments:
 1. Affiant says that he is the counsel of record for the Plaintiff in an action pending before the Common Pleas Court of Montgomery County, and is executing this affidavit in connection with the filing of a memorandum in support of the Plaintiff's Motion for Leave to File out of Time, Instanter.
 2. Affiant states that on February 21, 1997 he filed a notice of appeal with the Common Pleas Court pursuant to Section 4123.512 of the Ohio Revised Code.
 3. During the next thirty days he was deeply involved in the litigation of an Employer Intentional Tort lawsuit which is pending before the Federal District Court for the Southern District of Ohio, to wit Beatrice Chaplin v. Delphi Chassis, Case No. C-3-96-128. In particular, he was engaged in extensive and consuming legal research and writing with regard to the Motion for Summary Judgment which was pending at that time. Intensive settlement negotiations were taking place over this period on that case as well as several others pending in his office. Additionally, the administrative hearings pending before the Ohio Bureau of Workers' Compensation and Social Security Administration were also at an all time high for this office.
 4. Based on the foregoing, and in light of the fact that Affiant is a solo practitioner, it was simply impossible to complete the complaint and file it within the thirty day period. Moreover, counsel had family illness concerns overseas and was required to travel to the Arab Republic of Egypt on personal family business in April.
 5. Affiant states that it was never his intention to ignore or neglect his legal responsibilities and that he did not intend to frustrate or thwart the appeal process in this case.
 6. Affiant states that any neglect on his part is excusable and/or for good cause and he affirms that he will faithfully comply with all of the requirements that the Court and statute and [sic] imposes on him in this case.
The trial court overruled Thacker's motion. The decision overruling the motion included the following:
I. FACTS
 Plaintiff filed his application for Workers' Compensation benefits for an injury he claims to have sustained on March 19, 1996. Plaintiff's injury claim was denied at each administrative hearing. Plaintiff then filed a Notice of Appeal pursuant to Ohio Revised Code Section 4123.512(D). Plaintiff had thirty days in which to timely file his Complaint. However, Plaintiff did not file until April 24, 1997, thirty-one days after the deadline. On April 24, 1997, Plaintiff also filed a motion to file Complaint out of time, instanter, which is now before this Court.
 II. LAW AND ANALYSIS
 Defendants' claim that Plaintiff's motion to file his Complaint out of time should not be granted because Plaintiff did not show good cause for his failure to timely file.
 Whether a Claimant can file out of the stated thirty day period is within the sole discretion of the trial court and is not a jurisdictional issue. Singer Sewing Mach. Co. v. Puckett (1964), 176 Ohio St. 32, 36-7. "The court already has full jurisdiction over the action by virtue of the timely filed notice of appeal . . ." Id. at 37.
 In the case sub judice, Plaintiff explains that he did not timely file because of, "trial schedules, foreign travel plans, the pursuit and monitoring of other cases, and the research and preparation of a significant pleading pending before the Federal District Court." Although this Court sympathizes with the Plaintiff's reasons for lack of timely filing, Plaintiff could have requested an extension of time to file before the initial thirty days had expired. Since Plaintiff's complaint was filed thirty-one days late, Plaintiff's motion is not well taken.
 III. CONCLUSION
 Based on the foregoing, Plaintiff's motion to file Complaint out of time, instanter, filed herein on April 24, 1997 is not well taken and is hereby OVERRULED.
Thereafter, the trial court dismissed this case with prejudice. From the dismissal of his action, Thacker appeals.
 II
Thacker's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF-APPELLANT'S MOTION TO FILE COMPLAINT OUT OF TIME INSTANTER, AND DISMISSING THE CASE WITH PREJUDICE.
Essentially, Thacker argues that the trial court abused its discretion in denying his motion to file his complaint thirty-one days out of time. He cites Singer Sewing Machine Co. v. Puckett
(1964), 176 Ohio St. 32. Curiously, the trial court also cited this case. In Singer, a trial court's judgment for the employer on the pleadings was reversed where the employer had moved for judgment, noting that the employee was already thirty-three days late in filing his petition, as required by statute. The Supreme Court found that judgment for the employer had been "too harsh a consequence for the failure to file a timely petition." In that case, as in the case before us, the parties had briefed the timeliness issue in the trial court. In that case, unlike in the case before us, the trial court had heard oral argument on the issue.
There is no discussion in Singer, supra, concerning the excuses, if any, tendered by the claimant in that case for his failure to have filed a timely petition. We cannot, therefore, conclude that the Supreme Court was moved by a particularly compelling excuse for the failure to file a timely petition.
Washington Manor, Inc., argues that Singer, supra, is distinguishable because, in that case, the employee had prevailed at the administrative level. Therefore, according to Washington Manor, the result of dismissing his complaint would work a consequence even more harsh than that worked in the case before us, because the employee-claimant would lose the benefits to which he had already been found, administratively, to be entitled. Although we understand Washington Manor's argument, we are not persuaded by it. Regardless of who prevails administratively, an appeal from the Workers' Compensation determination is de novo; that is, the issue of the claimant's right to participate is triedab initio, without regard to the outcome of the administrative proceedings. There is no way that we can determine that Thacker's case for workers' compensation benefits is less compelling than that of the claimant in Singer, supra. In each case, the sanction imposed by the trial court had the effect of foreclosing the claimant's claim to benefits. We cannot say that this effect is any less harsh in Thacker's case.
Ordinarily, we would be inclined to find that the trial court's decision in the case before us was not an abuse of discretion. However, we cannot distinguish this case from SingerSewing Machine Co. v. Puckett, supra. Accordingly, we conclude that the trial court did abuse its discretion, and Thacker's sole Assignment of Error is sustained.
 III
Thacker's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
Joseph E. Gibson
William K. James
Steven P. Fixler
Hon. David Sunderland